IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMAR BAILEY,

                                                              ORDER
                    Petitioner,

                                                          09-cv-360-bbc
              v.

CAROL HOLINKA,
Warden, FCI-Oxford,

                    Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

　　　　Petitioner Jamar Bailey is a prisoner confined at the Federal Correctional Institution

in Oxford, Wisconsin.  He has filed a pleading styled as a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241, and paid a $5 filing fee.  In the petition, petitioner alleges

that on November 1, 2006, the drug abuse staff at Oxford determined that petitioner was

qualified to enter the Residential Drug Abuse Program but was not eligible for early release.

Petitioner asks the court to find that the Bureau of Prisons' interpretation of 18 U.S.C. §

3621(e) is in error because his conviction for aggravated battery does not exclude him from

early release under either 18 U.S.C. 3621(e) or 28 C.F.R. § 550.55.  Petitioner seeks as

relief an order directing the Bureau of Prisons to consider petitioner for early release upon

1

the completion of a Residential Drug Abuse Program as permitted by 18 U.S.C. § 3621(e).

Before getting to the merit's of petitioner's claim, I must determine whether petitioner's claim is properly raised in a habeas corpus action under § 2241. Unfortunately for petitioner, it is settled law in this circuit that it is not. Section § 3621(e) permits but does not compel early release. Bush v. Pitzer, 133 F.3d 455, 456 (7th Cir. 1997). In Richmond v. Scibana, 387 F.3d 602, 605 (7th Cir. 2004), the court of appeals held that §2241 is not an appropriate vehicle in which to raise a challenge to the Bureau of Prisons' interpretation of the provisions in § 3621, because a decision in the petitioner's favor will not automatically entitle him to any change in the duration of his confinement. Habeas corpus is reserved solely for those claims in which the prisoner's success would entitle him to release from custody or a shorter duration of confinement. Hill v. McDonough, 547 U.S. 573, 579 (2006) (habeas is appropriate vehicle when judgment in prisoner's favor would "necessarily imply" that conviction was invalid).

In this case, petitioner's success might entitle him to an order requiring the Bureau of Prisons to consider his eligibility for an early release. It would not entitle him to release from custody altogether or to a shortening of the length or duration of his sentence. Thus, habeas corpus is not an appropriate vehicle for petitioner's claim.

Petitioner contends that the Bureau's actions were arbitrary and capricious and contrary to the literal interpretation of § 3621 and 28 C.F.R. § 550.55. Under the

2

Administrative Procedures Act, U.S.C. § 706(2)(B), district courts have authority to "hold unlawful and set aside agency action, findings, and conclusions" that are "contrary to constitutional right, power, privilege, or immunity."   I have considered claims similar to petitioner's under that Act in the wake of Richmond and Tristano v. Federal Bureau of Prisons, 2004 WL 5284511 (W.D. Wis. Apr. 18, 2007).  Petitioner is free to sue the Bureau under the Act for violating the Constitution.

However, I will not convert petitioner's habeas corpus petition into a civil action without express direction from petitioner to do so.  In Moran v. Sondalle, 218 F.3d 647, 649 (7th Cir. 2000), the court of appeals noted that "[p]risoners may be tempted to choose one route rather than another to avoid limitations imposed by Congress."  See also Pischke v. Litscher, 178 F.3d 497, 500 (7th Cir. 1999) (noting different procedural requirements and consequences of § 1983 and habeas corpus statutes as reasons for refusing to convert action).

Petitioner may have decided purposely to avoid certain limitations by filing his claim in a petition for a writ of habeas corpus.  Specifically, he may have wanted to avoid paying a $350 filing fee for an APA action as opposed to a $5 fee for a habeas corpus action, or he may have wanted to avoid application of the 1996 Prison Litigation Reform Act to his case. Under the PLRA, petitioner would be required to pay the $350 filing fee, even if he asks for and is granted leave to proceed in forma pauperis.  If he seeks and is granted pauper status, he must pay the fee in installments, starting with an initial partial payment calculated from

3

a trust fund account statement covering the six-month period immediately preceding the filing of his complaint, followed by monthly payments until the fee is paid in full.  In addition, the Act requires the court to screen petitioner's complaint.  If the court dismisses any claim as legally frivolous or malicious or for failure to state a claim upon which relief may be granted, the court must assess petitioner a "strike" under 28 U.S.C. § 1915(g).

In sum, no action will be taken in this case until petitioner clarifies his intentions. If he wishes to pursue his claim in a habeas corpus action, he is free to do so, although in that case I will dismiss the action promptly for petitioner's failure to show that he is in custody in violation of the Constitution or laws of the United States.   If he decides to pursue his action under the APA, he will have to advise the court of that fact no later than July 31, 2009.  If petitioner chooses the second route, he must either pay the $350 filing fee or submit a request for leave to proceed in forma pauperis that is accompanied by a trust fund account statement for the six-month period immediately preceding the filing of his action so that the court can assess him an initial partial payment of the filing fee as § 1915 requires.


ORDER

IT IS ORDERED that petitioner Jamar Bailey may have until July 31, 2009, in which to inform the court whether he wishes this court to treat his pleading as a petition for a writ

4

of habeas corpus pursuant to 28 U.S.C. § 2241 or as a complaint in a civil action under the Administrative Procedures Act.  If he chooses to proceed under the APA, he must submit, no later than July 31, 2009, either (1) a check or money order made payable to the clerk of court in the amount of $350; or (2) a request for leave to proceed in forma pauperis, together with a trust fund account statement for the period beginning approximately December 10, 2008 and ending approximately June 10, 2009.

Further, IT IS ORDERED that if petitioner fails to respond to this order by July 31, 2009, I will treat his action as a habeas corpus action and dismiss the case for his failure to show that he is in custody in violation of the constitution or laws of the United States.

Entered this 13th day of July, 2009.

BY THE COURT:

_____
BARBARA B. CRABB
District Judge