IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMAR BAILEY,

                                                                         ORDER

                       Plaintiff,

                                                        09-cv-360-bbc

     v.

FEDERAL BUREAU OF PRISONS,[1]

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Jamar Bailey is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. After plaintiff filed his complaint improperly as a habeas corpus petition pursuant to 28 U.S.C. § 2241, I construed it as suit under the Administrative Procedures Act, U.S.C. § 706(2)(B), which allows district courts to "hold unlawful and set aside agency action, findings, and conclusions" that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Plaintiff contends that defendant Federal Bureau of

---

[1] Plaintiff originally filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and named Warden Carol Holinka as respondent. On July 23, 2009, plaintiff asked the court to construe his petition as a civil complaint under the Administrative Procedures Act. As such, the Federal Bureau of Prisons is the proper defendant.

1

Prisons acted in an arbitrary and capricious manner by finding him ineligible for a sentence reduction upon his completion of Oxford's Residential Drug Abuse Program.

Now before the court is plaintiff's request for leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915. Plaintiff has made the initial partial payment in accordance with 28 U.S.C. § 1915. Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing the complaint, I conclude it must be dismissed without prejudice because it violates Fed. R. Civ. P. 8, but I will give plaintiff an opportunity to submit an amended complaint in which he clarifies his claim.

In his complaint, plaintiff alleges the following facts.


ALLEGATIONS OF FACT

Plaintiff is qualified to participate in Oxford's Residential Drug Abuse Program, but defendant has determined that he is ineligible for consideration for early release under 18 U.S.C. § 3621(e)(2)(B) because he has two convictions in Illinois for aggravated battery.

2

In denying plaintiff's reduction eligibility, defendant relied on Bureau of Prison regulation 28 C.F.R. § 550.58 and program statements 5330.10 and 5331.01, which render ineligible for early release any prisoner who has a prior conviction for "aggravated assault." Defendant compared plaintiff's aggravated battery convictions with the FBI Uniform Crime Reporting Handbook definition for aggravated assault, and concluded that he was ineligible for early release consideration. Plaintiff sought administrative review of defendant's decision, but was unsuccessful.

DISCUSSION

I understand plaintiff's Administrative Procedures Act claim to be that defendant acted arbitrarily when it disqualified him from early release eligibility under 28 U.S.C. § Section 3621(e)(2)(B), which gives defendant the discretion to reduce a prisoner's sentence by up to one year if a prisoner convicted of a nonviolent offense successfully completes a residential drug abuse program. Plaintiff contends that even if he completed Oxford's drug treatment program, defendant would refuse to consider him for early release because it has arbitrarily construed his aggravated battery conviction as "aggravated assault."

Unfortunately, I cannot determine whether plaintiff has stated a claim on which relief may be granted because he has not provided enough information about his aggravated battery conviction. Fed. R. Civ. P. 8(a)(2) requires a complaint to include "a short and plain

3

statement of the claim showing that the pleader is entitled to relief." The primary purpose of this rule is rooted in fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." Vicom, Inc. v. Harbridge Merchant Services., Inc., 20 F.3d 771, 775 (7th Cir. 1994).

Although plaintiff points out correctly that Illinois's aggravated battery statute contains numerous sections and subsections and punishes a range of conduct, he does not indicate under which subsection he was convicted. Without this information, neither the court nor defendant can adequately respond to plaintiff's claim because it is impossible to determine whether his aggravated battery conviction meets the FBI Uniform Crime Reporting Handbook's definition of aggravated assault.

Because plaintiff's complaint violates Rule 8, I will dismiss his complaint without prejudice. He is free to revise his complaint and provide more information about his aggravated battery conviction. I will give him until October 5, 2009, to do so. Once the court receives the amended complaint, I will determine whether plaintiff has pleaded enough facts to state a claim under the Administrative Procedures Act. If plaintiff fails to submit an amended complaint by October 5, I will direct the clerk of court to close the file.

ORDER

IT IS ORDERED that:

1. Plaintiff Jamar Bailey's complaint is DISMISSED without prejudice for plaintiff's failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until October 5, 2009, to file an amended complaint that complies with Rule 8. If petitioner does not file an amended complaint by that date, the clerk of court is directed to close the case.

Entered this 14th day of September, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge