IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMAR BAILEY,

                                                            ORDER

                Plaintiff,

                                                  09-cv-360-bbc

    v.

FEDERAL BUREAU OF PRISONS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action brought pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2)(B), plaintiff Jamar Bailey contends that defendant Federal Bureau of Prisons acted in an arbitrary and capricious manner by finding him ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because of two past Illinois state convictions for aggravated battery. On September 14, 2009, I dismissed plaintiff's complaint because it violated Fed. R. Civ. P. 8, and I gave him until October 5, 2009 to submit a proposed amended complaint that provides proper notice. Specifically, I told plaintiff to provide more information about his Illinois aggravated battery convictions. Now before the court is plaintiff's proposed amended complaint.

1

Plaintiff has requested leave to proceed under the in forma pauperis statute, 28 U.S.C. § 1915, and has made an initial partial payment. Because plaintiff is a prisoner, I am required by the 1996 Prison Litigation Reform Act to screen his amended complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. Haines v. Kerner, 404 U.S. 519, 521 (1972). After reviewing plaintiff's amended complaint, I conclude that he fails to state a claim upon which relief may be granted.

OPINION

The Violent Crime Control and Law Enforcement Act of 1994 provides defendant Bureau of Prisons the discretion to grant a sentence reduction of up to one year for prisoners who successfully complete a drug treatment program, but makes that reduction available only to a prisoner convicted of a "nonviolent offense." 18 U.S.C. § 3621(e)(2)(B). Because the statute does not define "nonviolent offense" or otherwise establish criteria for determining eligibility for sentence reduction, defendant promulgated regulations and policies to implement the early release incentive. Lopez v. Davis, 531 U.S. 230, 234-35 (2001) (discussing defendant's development of procedures to govern drug abuse treatment

2

programs). Defendant's first step in this regard was to adopt 28 C.F.R. § 550.58 in 1995. Pursuant to that regulation, defendant reviews a prisoner's current and past convictions, both state and federal, to determine § 3621(e)(2)(B) early release eligibility. Section 550.58 provided that inmates who had a prior conviction for homicide, forcible rape, robbery or aggravated assault were not eligible for early release despite completion of the drug treatment program. (The regulation at issue, 28 C.F.R. §550.58, was recently renumbered as §550.55. Inmates and modified slightly to include inmates with prior convictions of arson, kidnaping and sexual abuse of minors among those ineligible for a sentence reduction under § 3621(e)(2)(B)). With regard to evaluating prior state convictions, defendant explained that these categories [homicide, forcible rape, robbery and aggravated assault] were selected according to the FBI Violent Crime Index, and were to be the "sole determinant of violence in [an inmate's] criminal history." 60 Fed. Reg. 27,692 (May 25, 1995). Defendant further explained that staff would consider the presentence investigation report to determine whether an inmate has prior disqualifying state convictions that fall into the FBI categorical definition of a particular crime. 65 Fed. Reg. 80745-01 (Dec. 22, 2000).

  Plaintiff Jamar Bailey is a prisoner at the Federal Correctional Institution in Oxford, Wisconsin. Although plaintiff is qualified to participate in Oxford's Residential Drug Abuse Program, defendant Federal Bureau of Prisons has determined that he is ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because he has two previous Illinois

3

state convictions for aggravated battery under 720 Ill. Comp. Stat. 5/12-4(a). In denying plaintiff's eligibility, defendant equated plaintiff's aggravated battery convictions with the FBI Violent Crime Index definition for aggravated assault. Because § 550.58 renders ineligible for early release any prisoner who has a prior conviction for "aggravated assault," defendant concluded that plaintiff was ineligible for early release consideration.

Plaintiff does not attempt to argue that his aggravated battery conviction was for a nonviolent crime or that prior convictions for violent crime should be disregarded when determining early release eligibility. Cf. Alnoubani v. Federal Bureau of Prisons, 306 Fed. Appx. 309, 312 (7th Cir. 2009). Instead, he seems to raise two alternative arguments in support of his claim that defendant acted arbitrarily when it disqualified him from 18 U.S.C. § 3621(e)(2)(B) early release eligibility. First, plaintiff raises a broad challenge to defendant's interpretation and application of § 550.58. He argues that his prior convictions for aggravated battery should not render him ineligible for early release consideration because "aggravated battery" is not one of the enumerated categories of violent offenses in the federal regulations that automatically excludes prisoners from early release eligibility. In other words, plaintiff argues that the aggravated assault category in § 550.58 should encompass only those state convictions that are labeled "aggravated assault." This argument has no merit.

It is implausible that when defendant was considering what crimes would make a

4

person ineligible for early release that it intended the meaning of "aggravated assault" to depend on the label employed by the state in which the inmate was convicted.  That would mean that one person convicted of a violent crime could be eligible for early release while another who had engaged in the same conduct would not be, depending on how the state of conviction had labeled the crime.  Absent plain indication to the contrary, federal laws are not to be construed so that their application is dependent on state law.  "the application of federal legislation is nationwide and at times the federal program would be impaired if state law were to control."  Dickerson v. New Banner Institute, Inc., 460 U.S. 103, 119-20 (1983).  Defendant must apply a uniform, categorical definition of "aggravated assault" that is independent of labels adopted by various state's criminal codes.  Taylor v. United States, 495 U.S. 575, 590-91 (1990) (finding that meaning of "burglary" for purposes of sentence enhancement has a meaning independent of state criminal code definitions).

      Plaintiff's other argument is that even if defendant has the authority to construe aggravated battery convictions as aggravated assault, his prior convictions for aggravated battery under 720 Ill. Comp. Stat. 5/12-4(a) do not constitute "aggravated assault" under the FBI Violent Crime Index definition.  In particular, he argues that the Illinois aggravated battery statute under which he was convicted is a less serious crime and requires proof of different elements from those used by the FBI in defining aggravated assault.  I disagree.  Under 720 Ill. Comp. Stat. 5/12-4(a):

5

> A person who, in committing a battery, intentionally or knowingly causes great bodily harm, or permanent disability or disfigurement commits aggravated battery.

The Illinois battery statute defines battery as "intentionally or knowingly without legal justification and by any means, (1) caus[ing] bodily harm to an individual or (2) mak[ing] physical contact of an insulting or provoking nature with an individual." 720 Ill. Comp. Stat. 5/12-3. Plaintiff seems to be arguing that defendant has limited its discretion by relying solely on the categories enumerated in the FBI Crime Index to determine whether an inmate has prior disqualifying convictions. Thus, plaintiff argues, the elements of his aggravated battery conviction must be precisely the same as the FBI Crime Index definition of aggravated assault, which classifies aggravated assault as:

> An unlawful attack by one person upon another for the purpose of inflicting severe or aggravated bodily injury. This type of assault usually is accompanied by the use of a weapon or by means likely to produce death or great bodily harm.

FBI Uniform Crime Reporting Handbook, at 23 (2004). Plaintiff focuses on the subtle differences between the Illinois aggravated battery statute and the FBI definition for aggravated assault, and contends that defendant has violated its own regulation by equating the two offenses. In making this argument however, plaintiff ignores the explicit language and purpose of the Violent Crime Control and Law Enforcement Act. Title 18 U.S.C. § 3621(e)(2)(B) is intended to provide an incentive to *nonviolent* offenders who complete a

6

drug abuse treatment program. Under no reasonable interpretation could one say that it is not violent to "intentionally or knowingly cause great bodily harm, or permanent disability or disfigurement."

Moreover, even if defendant has limited the discretion it can apply in deciding whether an offense is violent by relying solely on the FBI Crime Index categories, defendant's decision to construe a conviction under 720 Ill. Comp. Stat. 5/12-4(a) as falling into the uniform aggravated assault category was not unreasonable, arbitrary or capricious. An agency's application and interpretation of its own regulations are controlling, unless "plainly erroneous or inconsistent with the regulation." Auer v. Robbins, 519 U.S. 452, 461 (1997); Joseph v. Holder, __F.3d___, 2009 WL 2616257, *2 (7th Cir. 2009). Treating an aggravated battery conviction as equivalent to aggravated assault is not plainly erroneous or inconsistent with § 550.58. The elements of an aggravated battery in Illinois involve no less violence then the elements of the FBI's aggravated assault definition. Accordingly, defendant's interpretation of "aggravated assault" is entitled to deference.

Because defendant could reasonably construe plaintiff's Illinois conviction for aggravated battery as "aggravated assault" under of 28 C.F.R. § 550.58, and as a "crime of violence" under 18 U.S.C. § 3621(e)(2)(B), defendant could properly conclude that plaintiff is ineligible for early release consideration. I find therefore that plaintiff has not stated a claim of arbitrary and capricious action by defendant in disqualifying him from eligibility

7

for early release.

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED with prejudice for plaintiff Jamar Bailey's failure to state a claim upon which relief may be granted under the Administrative Procedures Act.

2. Plaintiff is obligated to pay the unpaid balance of his filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2). This court will notify the warden at the Federal Correctional Institution in Oxford, Wisconsin of that institution's obligation to deduct payments until the filing fee has been paid in full.

3. Because I have dismissed one or more claims asserted in plaintiff's complaint for one of the reasons listed in 28 U.S.C. § 1915(g), a strike will be recorded against plaintiff.

4. The clerk of court is directed to enter judgment in favor of defendant Federal Bureau of Prisons and close the file.

Entered this 5th day of October, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge