IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMAR BAILEY,

                                          ORDER

                Plaintiff,

                                         09-cv-360-bbc

     v.

FEDERAL BUREAU OF PRISONS,

              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On October 5, 2009, I dismissed plaintiff Jamar Bailey's claim under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted under the Administrative Procedures Act. Now plaintiff has filed a motion for reconsideration of the dismissal. Plaintiff's motion will be denied.

       In his amended complaint, plaintiff contended that defendant Federal Bureau of Prisons acted in an arbitrary and capricious manner by finding him ineligible for a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because of two past Illinois state convictions for aggravated battery. In denying plaintiff's eligibility, defendant equated plaintiff's aggravated battery convictions with the FBI Violent Crime Index definition for aggravated assault. Because 28 C.F.R. § 550.58 renders any prisoner ineligible for early release if he or she has

1

a prior conviction for "aggravated assault," defendant concluded that plaintiff was ineligible for early release consideration.

In the October 5, 2009 dismissal order, I concluded that defendant did not act arbitrarily when it applied a uniform definition of aggravated assault that was independent of labels adopted by various states' criminal codes when determining early release eligibility under 18 U.S.C. § 3621(e)(2)(B). Op. and Order, dkt. #12, at 5. Further, I concluded that defendant could reasonably construe plaintiff's Illinois conviction for aggravated battery under 720 Ill. Comp. Stat. 5/12-4(a) as "aggravated assault" under 28 C.F.R. § 550.58 and as a "crime of violence" under 18 U.S.C. § 3621(e)(2)(B). Id. at 7. Thus, plaintiff's complaint did not state a claim of arbitrary and capricious action by defendant in disqualifying him from eligibility for early release.

In his motion for reconsideration, plaintiff contends that defendant's actions were arbitrary and capricious and contrary to law under the Administrative Procedures Act for three reasons not considered fully by the court. First, plaintiff alleges that defendant relied improperly on the underlying facts of plaintiff's state convictions to determine that his prior offenses qualified as aggravated assault. Plaintiff is correct that defendant should not consider the particular facts underlying a conviction to determine whether an inmate's prior convictions are equivalent to a categorical definition. Taylor v. United States, 495 U.S. 575, 600 (1990). Instead, defendant should consider the elements of the statute of conviction

2

Id. at 601. In addition, the Supreme Court has explained, in the context of sentence enhancement, that it can be necessary to consider indictment information, plea hearings, jury instructions or similar judicial records, especially where a state statute lists multiple possible ways to commit a single offense. Shepard v. United States, 544 U.S. 13, 26 (2005); Taylor, 495 U.S. at 602. However, even if defendant did consider the facts underlying plaintiff's Illinois aggravated battery conviction, plaintiff is not entitled to relief. If defendant were to consider only the elements of plaintiff's aggravated battery conviction under 720 Ill. Comp. Stat. 5/12-4(a), defendant would have to conclude that plaintiff's crime was a crime of violence. Because a sentence reduction under 18 U.S.C. § 3621(e)(2)(B) is available only to nonviolent offenders, defendant would have to conclude that plaintiff was ineligible for early release.

Plaintiff's second argument is that defendant violated principles of comity by relabeling his Illinois aggravated battery conviction as aggravated assault. Principles of comity exist to encourage a harmonious relationship between courts of different jurisdiction. Younger v. Harris, 401 U.S. 37, 44 (1971). The issues in this case do not involve matters related to courts in different jurisdictions. Thus, comity is irrelevant to this case.

Finally, plaintiff requests that defendant be ordered to provide data showing that it applies its regulations consistently to all similarly situated inmates. Plaintiff has offered no justification for such an order. Plaintiff has not raised an equal protection claim by alleging

3

that he has been treated differently from similarly situated individuals. Further, the government can treat people differently so long as there is a rational basis for doing so. <u>City of Cleburne, Tex. v. Cleburne Living Center</u>, 473 U.S. 432, 440 (1985); <u>see also</u> <u>May v. Sheahan</u>, 226 F.3d 876, 882 (7th Cir. 2000). Plaintiff has not argued that defendant's actions were not rationally related to some government purpose.

## ORDER

IT IS ORDERED that plaintiff Jamar Bailey's motion for reconsideration, dkt. #15, is DENIED.

Entered this 5th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge