IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMAR BAILEY,                                                    ORDER
                   Plaintiff,

                                                                          09-cv-360-bbc

       v.

FEDERAL BUREAU OF PRISONS,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       On October 5, 2009, I dismissed plaintiff Jamar Bailey's case for failure to state a claim upon which relief may be granted under the Administrative Procedures Act. In that same order, plaintiff was advised that he is obligated to pay the unpaid balance of the $350 filing fee in monthly payments as described in 28 U.S.C. § 1915(b)(2).

       Now plaintiff has filed a motion postmarked October 30, 2009, in which he asks the court to place him on a $25 a month payment plan until he has paid the remainder of the filing fee. Plaintiff alleges that paying 20 percent of his monthly income toward the filing fee leaves him with little money to purchase commissary items and "unable to keep proper communication" with his family. Because this court does not have authority to alter payments mandated by statute, the request will be denied.

1

Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the statutory filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). If the prisoner then files additional complaints or appeals, the amount owed increases as well. Newlin v. Helman, 123 F.3d 429, 436 (7th Cir. 1997), rev'd on other grounds by Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000), and Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000). Using the formula described above, plaintiff is required to pay 20% of his monthly income until he has paid the remaining balance for this case in full. Court records reflect that plaintiff has an outstanding balance of $308.22.

Although I appreciate plaintiff's frustrations over the limitations on his ability to purchase commissary items, this court is bound by the provisions of the Prison Litigation Reform Act. I have no discretion to modify the method in which the fee for filing this case is collected. Therefore, I must deny plaintiff's motion for a payment plan.

ORDER

IT IS ORDERED that plaintiff's motion for a payment plan, dkt. #16, is DENIED.

Entered this 9th day of November, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3